UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA KALLAI, *et al.*, | ) | CASE NO.: 5:21CV00056 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| JATOLA HOMES, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | (Resolves Docs. 15 and 16) |

Currently pending before this Court are two motions to dismiss Plaintiffs Joshua Kallai's and Jena Kallai's (collectively, "the Kallais") first amended class action complaint. Defendants Jatola Homes LLC d/b/a The Amy Wengerd Group and Amy L. Wengerd (collectively, "the Wengerd Defendants") ask this Court to dismiss the Kallais' first amended class action complaint arguing the Kallais lack standing to bring this action and failed to state a claim upon which relief may be granted, in violation of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Wengerd Defendants' Mot. to Dismiss 1, ECF No. 15.) Defendants Aman Title, LLC and Mara C. Aman (collectively, "the Aman Defendants") ask this Court to dismiss the Kallais' first amended class action complaint for failure to state a claim upon which relief may be granted, in violation of Federal Rule of Civil Procedure 12(b)(6). (Aman Defendants' Mot. to Dismiss 1, ECF No. 16.) The Kallais opposed both pending motions to dismiss. (Opp'n to Mots. to Dismiss, ECF No. 21.) The Wengerd Defendants and the Aman Defendants each filed a reply in support of their original motion to dismiss. (Reply in Supp. of Wengerd Defendants' Mot. to Dismiss, ECF No. 25; Reply in Supp. of Aman Defendants' Mot. to Dismiss, ECF No. 24.) After review of the fully

briefed issues, the currently pending motions to dismiss are hereby GRANTED IN PART and DENIED IN PART. A full discussion of the applicable law and this Court's reasoning follows.

**I. BACKGROUND**

This matter arises out of a real estate transaction between the Kallais, as buyers, and the sellers of a home in Wadsworth, Ohio listed for sale by real estate brokerage firm Defendant Jatola Homes d/b/a The Amy Wengerd Group ("The Amy Wengerd Group"). (First Am. Compl. ¶¶ 14, 32, 56, ECF No. 11.) In November 2019, the Kallais and the sellers entered into a residential purchase agreement of the home. (*Id.* at ¶¶ 33, 55.) The Kallais allege that through the residential purchase agreement, The Amy Wengerd Group referred the Kallais and the sellers to Defendant Aman Title, LLC ("Aman Title"), which the Kallais and the sellers used for settlement services with respect to the Kallais' federally related mortgage loan. (*Id.* at ¶¶ 34-35.) The real estate transaction between the Kallais and the sellers closed on December 11, 2019. (*Id.* at ¶¶ 36, 58.)

According to the first amended complaint, The Amy Wengerd Group, acting "with the direction, approval, and support" of Aman Title, promised to give the referring real estate agent a monetary bonus in December 2020 for the successful referral of the Kallais to Aman Title – a violation of the anti-kickback provision of the Real Estate Settlement Practices Act (RESPA), codified at 12 U.S.C. § 2607(a), given the Kallais' federally related mortgage loan. (*Id.* at ¶¶ 17-24, 28-31, 38-39, 57, 59-67.) The Kallais allege they paid more for settlement services with Aman Title than they would have otherwise paid with a different title company. (*Id.* at ¶ 37.)

**II. ANALYSIS**

   **A. Standards of Review**

      1. <u>Federal Rule of Civil Procedure 12(b)(1)</u>

This first question this Court must address is whether it possesses power, or subject matter jurisdiction, over the instant matter. If this Court lacks subject matter jurisdiction, the instant matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Motions to dismiss for lack of subject matter jurisdiction, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), "generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)). A facial attack "questions merely the sufficiency of the pleading" alleging subject matter jurisdiction, and a court reviewing this type of attack "takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Gentek*, 491 F.3d at 330. A factual attack, on the other hand, "raises a factual controversy" where a court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.* The submissions by the parties in this matter appear to lodge a facial attack questioning the sufficiency of the subject matter jurisdiction allegations of the Kallais' first amended class action complaint such that this Court will take the allegations in the complaint as true and determine whether this Court possesses subject matter jurisdiction over the case.

2. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This

requirement imposes both "legal *and* factual demands." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (*emphasis* in original).

First, and foremost, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation does not demand "detailed factual allegations," but it does necessitate "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Pleadings offering "labels and conclusions or a formulaic recitation of the elements of a cause of action," or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or even "naked assertion[s] devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Which is particularly necessary as courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Consequently, a pleading party is required to provide a factual framework that falls somewhere between a recitation of the legal elements of a claim and "detailed factual allegations" – in other words, the pleading party is required to provide well-pled factual allegations.

When provided, this Court then considers the well-pled factual allegations, "assume[s] their veracity and then determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A claim is plausible when the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Notably, plausibility and probability are not one in the same. Rather, plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The determination of whether a complaint states plausible claims for relief typically "requires the reviewing court to draw on its judicial experience and common sense" unless "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When analyzing the currently pending motion to dismiss pursuant to the above enumerated standard, this Court is mindful that it is required to construe the pleading subject to dismissal in the light most favorable to the non-moving party and accept all well-pleaded factual allegations contained in the pleading as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56). Furthermore, reasonable inferences, as opposed to unwarranted factual inferences, must be made in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

**B. Standing**

The threshold subject matter jurisdiction issue before this Court is standing. If the Kallais fail to demonstrate they have standing to bring this matter, this Court lacks subject matter jurisdiction over the entirety of the action, and it must be dismissed. *See Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001) ("Standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction").[1]

    1. Constitutional Standing Requirements

"Federal courts are courts of limited jurisdiction," such that they only possess power over those cases or controversies "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution of the United States grants

---

[1] Although the Aman Defendants argue this matter should be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court will analyze their arguments under the standard of review of a Federal Rule of Civil Procedure 12(b)(1) motion because standing is a subject matter jurisdiction issue rather than a sufficiency of the pleading issue. (*See* Mem. in Supp. of Aman Defendants' Mot. to Dismiss 3-6, ECF No. 17.)

federal courts the judicial power to resolve cases and controversies. U.S. CONST. art. III, § 2, cl. 1. "[R]ooted in the traditional understanding of a case or controversy" is the doctrine of standing, which "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Accordingly, the "irreducible constitutional minimum of standing" requires that a plaintiff: 1) suffer an "injury in fact;" 2) that there is a "causal connection between the injury and the conduct complained of;" and 3) it is "'likely' . . . that the injury will be 'redressed by a favorable decision'" of the court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). For a case in the pleading stage, such as the present matter, the Kallais "must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Of the three elements establishing Article III standing, the Wengerd Defendants and the Aman Defendants specifically take aim at whether the Kallais' allege they suffered an injury in fact. The requisite "injury in fact" element of Article III standing is defined as "an invasion of a legally protected interest which is: (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and internal quotation marks omitted). Both the Wengerd Defendants and the Aman Defendants argue the Kallais lack standing to bring their claims because they do not specifically allege a concrete injury in fact. (*See* Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 17-20, ECF No. 15-1; Mem. in Supp. of Aman Defendants' Mot. to Dismiss 3-6, ECF No. 17.)

A concrete injury is one which "actually exist[s]," is "real" and not "abstract," but it does not necessarily have to be "tangible." *Spokeo*, 136 S. Ct. at 1548-49. Care must be taken to identify intangible yet concrete injuries because a plaintiff does not automatically satisfy "the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. In truth, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* In fact, an allegation of "a bare procedural violation, divorced from any concrete harm" does not allege a concrete harm, but an allegation of a procedural violation that carries a *risk* of harm might be enough to establish a concrete injury in fact. *Id.* at 1549-50. See *Huff v. Telecheck Servs.*, 923 F.3d 458, 463 (6th Cir. 2019) ("A material risk of harm, it is true, may establish standing"). Because the allegations before this Court are that the Wengerd Defendants and the Aman Defendants engaged in a referral program which promised monetary bonuses violating the anti-kickback provision of RESPA, the Kallais allege a statutory violation occurred. Therefore, the specific question this Court must address, with respect to Article III standing, is whether the Wengerd Defendants' and the Aman Defendants' alleged violation of the anti-kickback provision of RESPA either actually caused the Kallais harm or presented a material risk of harm. *See Spokeo*, 136 S. Ct. at 1550. More specifically, this Court must determine whether the Kallais, in their first amended class action complaint, clearly allege facts, which this Court will take as true given the facial attack lodged regarding subject matter jurisdiction, demonstrating they suffered a concrete injury in fact and, in effect, Article III standing.

This Court finds that the Kallais have met their burden. In their first amended class action complaint, the Kallais allege that Aman Title charged them more for settlement fees than other title companies charge for similar settlement services. (First Am. Compl. ¶ 37, ECF No. 11.) In this Court's view, this allegation, which is taken as true, pleads a concrete injury in the form of

overpayment. In other words, the Kallais have pled that the Wengerd Defendants' and the Aman Defendants' alleged violation of the anti-kickback provision of RESPA caused the Kallais actual harm in the form of overpayment as opposed to merely pleading "a bare procedural violation, divorced from any concrete harm." [2]

Although both the Wengerd Defendants and the Aman Defendants would like this Court to determine that this allegation is "bare" and "conclusory" and "insufficient" pursuant to federal pleading requirements, the Federal Rule of Civil Procedure 12(b)(6) pleading requirements are not the standard by which standing is reviewed. (*See* Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 17 n.2, ECF No. 15-1; Mem. in Supp. of Aman Defendants' Mot. to Dismiss 4-5, ECF No. 17.) Under the facial attack lodged by both the Wengerd Defendants and the Aman Defendants, this Court takes the allegations in the complaint as true. The Kallais allege they paid more for settlement services with Aman Title than they otherwise would have paid. This is enough.

Even if this Court were required to employ Federal Rule of Civil Procedure 12(b)(6) pleading standards on a facial attack regarding standing, this Court disagrees that the Kallais have only provided bare and conclusory allegations. Their first amended class action complaint sets forth a series of detailed factual allegations regarding the referral program rewarded with monetary bonuses set up by the Wengerd Defendants and the Aman Defendants and ties the Kallais' overpayment for settlement services to the bonus program. The Kallais might not utilize the

---

[2] The Wengerd Defendants assert *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244 (4th Cir. 2020) is "instructive" for the instant matter. (Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 18, ECF No. 15-1.) In *Baehr*, the Fourth Circuit Court of Appeals held "the deprivation of impartial and fair competition between settlement services providers – untethered from any evidence that the deprivation thereof increased settlement costs – is not a concrete injury under RESPA." *Baehr*, 953 F.3d at 254. This Court will agree that *Baehr* is instructive, but not in the way the Wengerd Defendants wish it to be. The plaintiffs in *Baehr* did not allege they were overcharged for settlement services as the Kallais allege here. The Kallais' overcharge allegation provides a plausible allegation of increased settlement costs, which is what *Baehr* instructs would be a concrete injury under RESPA. *Id. See also Dye v. MLD Mortg. Inc.*, No. ELH-19-3304, 2021 U.S. Dist. LEXIS, at *34 (D. Md. July 16, 2021) (concluding plaintiffs who "explicitly alleged that they were overcharged for title and settlement services as a result of the alleged kickbacks" plausibly alleged concrete injuries such that Article III standing requirements were met).

specific language the Wengerd Defendants and the Aman Defendants would like, but taking the allegations of the Kallais' first amended class action complaint as a whole leads to the reasonable inference that any overpayment the Kallais suffered was plausibly due to the referral bonus program. The Wengerd Defendants and the Aman Defendants cannot ask this Court to employ certain federal pleading standards while ignoring others. Making reasonable inferences in favor of the non-moving party is well within the purview of this Court.

In sum, the Kallais clearly allege facts in their first amended class action complaint which demonstrate that the Wengerd Defendants and the Aman Defendants violated the anti-kickback provision of RESPA causing the Kallais the concrete injury in fact of overpayment for services. For these reasons, this Court finds that the Kallais have adequately demonstrated they have met the constitutional requirements of standing to pursue this matter against the Wengerd Defendants and the Aman Defendants. The Wengerd Defendants' and the Aman Defendants' requests that this Court dismiss the Kallais' first amended class action complaint for failing to allege a concrete injury in fact are DENIED.

2. Prudential Standing Requirements

In addition to Article III's constitutional standing requirements, enumerated above, the Supreme Court of the United States has recognized prudential standing requirements which are "judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)) (internal quotation marks omitted). Accordingly, prudential standing requirements include: 1) "the general prohibition on a litigant's raising another person's legal rights;" 2) "the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches;" and 3) "the requirement that a plaintiff's complaint fall within the zone of interests protected by the law

invoked." *Newdow*, 542 U.S. at 12 (quoting *Allen*, 468 U.S. at 751) (internal quotation marks omitted). The question before this Court is whether the Kallais' claims fall within the zone of interests of the anti-kickback provision of RESPA.

With respect to the zone of interests requirement specifically, in cases invoking statutory causes of action, such as the instant matter, the question is "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim" when "traditional tools of statutory interpretation" are utilized. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014). In other words, in "statutorily created causes of action," it is a "requirement of general application" that "a statutory cause of action extends only to plaintiffs who interests fall within the zone of interests protected by the law invoked." *Id.* at 129 (citations and internal quotation marks omitted).

The anti-kickback provision of RESPA provides, in pertinent part:

> (a) Business Referrals. No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a). Furthermore,

> Any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service.

12 U.S.C. § 2607(d)(2). Pursuant to "traditional canons of statutory interpretation, remedial statutes should be construed broadly to extend coverage and their exclusions or exceptions should be construed narrowly." *Cobb v. Contract Transport, Inc.*, 452 F.3d 543, 559 (6th Cir. 2006). Accordingly, this Court "begins its interpretation by looking first to the plain language of the statute." *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979, 986 (6th Cir. 2009) (analyzing the

anti-kickback provision of RESPA as a remedial statute under traditional canons of statutory interpretation).

The statutory language is clear: the giving or accepting of "any fee, kickback, or thing of value" from business referrals for real estate settlement services is prohibited and "the person or persons charged for the settlement service" may recover for violations of the statute. The Kallais were charged for settlement services they allege violated the anti-kickback provision of RESPA. Therefore, they are well within the zone of interest Congress intended to protect.

The Wengerd Defendants, however, make much ado about the fact that the Wengerd Defendants' real estate agents represented the sellers in the real estate transaction at issue, not the Kallais. (Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 21-23, ECF No. 15-1.) In sum and substance, the argument is that the Kallais, as buyers, were represented by an independent real estate agent who was not involved in the referral bonus program which the Kallais allege violated the anti-kickback provision of RESPA. Therefore, according to this argument, Congress did not intent to protect the Kallais under the anti-kickback provision of RESPA because their specific real estate agent did not engage in conduct which violated the statute.

In arguing the Kallais are not within the class of individuals Congress intended to protect by enacting the anti-kickback provision of RESPA, the Wengerd Defendants go so far as to suggest that any blame for damages suffered lie at the feet of the Kallais' real estate agent who should have assumed any referral made by the Wengerd Defendants to the Aman Defendants for settlement services was tainted and likening the Kallais to "consumer[s] hoodwinked into purchasing a disappointing product." (Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 22, ECF No. 15-1.) (arguing, the Kallais "have no reasonable expectation that any referrals they received from the seller's real estate agent would be 'untainted' or in the [Kallais'] interest.") This argument is

unpersuasive if for no other reason than it ignores the plain language of the anti-kickback provision of RESPA and requests this Court read additional requirements into the statute.

The anti-kickback provision of RESPA, enumerated above, does not specify that those who pay for settlement services which were improperly referred according to the statute may only recover from their own fiduciary or agent. This Court will not read this requirement into the statute. The language of the anti-kickback provision of RESPA is clear, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value" for referring real estate settlement services involving a federally related mortgage loan and "**any person or persons**" who engage in such conduct are liable to those "charged for the settlement service involved in the violation . . ." 12 U.S.C. § 2607(a); 12 U.S.C. § 2607(d)(2). As alleged in the Kallais' first amended class action complaint, the Wengerd Defendants, in concert with the Aman Defendants, engaged in conduct that violated the anti-kickback provision of RESPA when the Wengerd Defendants' real estate agents were promised a monetary bonus for the successful referral of settlement services of either buyers or sellers to Aman Title. Aman Title provided settlement services for the Kallais' federally related mortgage as a result of one such successful referral, and the Kallais were charged for the settlement services. They are within the class of individuals Congress wished to protect with the anti-kickback provision of RESPA. Because this Court finds that both the constitutional requirements and the prudential requirements of standing have been met in this matter, this Court possesses subject matter jurisdiction to hear this action and the motions to dismiss the Kallais' first amended class action complaint for lack of standing, brought both pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), are DENIED.

**C. Individual Defendants**

Both the Wengerd Defendants and the Aman Defendants ask this Court to dismiss the individual defendants, Amy L. Wengerd ("Amy Wengerd") and Mara C. Aman ("Mara Aman"), from this matter for the Kallais' failure to allege that either individual defendant violated RESPA. (Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 23, ECF No. 15-1; Mem. in Supp. of Aman Defendants' Mot. to Dismiss 6, ECF No. 17.) This Court agrees that the Kallais failed to allege specific conduct by either Amy Wengerd or Mara Aman which violated RESPA.

As previously enumerated, the anti-kickback provision of RESPA prohibits the giving or accepting of "any fee, kickback, or thing of value" for referring real estate settlement services involving a federally related mortgage loan. 12 U.S.C. § 2607(a). The Kallais' first amended class action complaint specifically alleges The Amy Wengerd Group, with "direction, approval, and support" of Aman Title, entered into agreements with The Amy Wengerd Group's real estate agents to give a monetary bonus for successful referrals of real estate settlement services to Aman Title. (*See* First Am. Compl. ¶¶ 17-23, 28-31, 38-39, 59-61.) Although the Kallais' first amended class action complaint alleges some specific conduct by Amy Wengerd and Mara Aman, it does not allege either individual gave or accepted "any fee, kickback, or thing of value" for referring real estate settlement services. (*See id.* at ¶¶ 24, 27-28, 34, 60.) The Wengerd Defendants argue this omission denies the Kallais standing to bring claims against Amy Wengerd, while the Aman Defendants argue this omission results in the Kallais failing to state a claim against Mara Aman. (Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 23-25, ECF No. 15-1; Mem. in Supp. of Aman Defendants' Mot. to Dismiss 6-7, ECF No. 17.) This Court finds that under either standard, Amy Wengerd and Mara Aman should be dismissed from the matter.

With respect to the Wengerd Defendants' standing argument, constitutional standing requirements include that a plaintiff suffer an "injury in fact," that there is a "causal connection

between the injury and the conduct complained of," and the injury is likely to be "redressed by a favorable decision" of the court. *Lujan,* 504 U.S. at 560-61 (quoting *Simon*, 426 U.S. at 38, 43) (internal quotation marks omitted). As discussed previously, the injury in fact the Kallais suffered was overpayment for settlement services. However, the Kallais failed to plead a causal connection between their overpayment for settlement services and any of Amy Wengerd's personal conduct. Therefore, because the Kallais have not met the constitutional standing requirements as to Amy Wengerd individually, the Wengerd Defendants' motion to dismiss the Kallais' first amended class action complaint as against Amy Wengerd is GRANTED.

With respect to the Aman Defendants' failure to state a claim argument, federal pleading standards require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not required, well-pled factual allegations that allege plausible claims are required. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. In their first amended class action complaint, the Kallais failed to provide any factual allegations, well-pled or otherwise, that plausibly allege Mara Aman personally violated RESPA. Therefore, the Aman Defendants' motion to dismiss the Kallais' first amended class action complaint as against Mara Aman is GRANTED.

### D. Sufficiency of the Pleadings

Because this Court has determined that it possesses subject matter jurisdiction over this matter, given the Kallais have standing to bring this action, the second issue before this Court is whether the Kallais sufficiently pled, pursuant to the above enumerated Federal Rule of Civil Procedure 12(b)(6) standard, that The Amy Wengerd Group and Aman Title violated the anti-kickback provision of RESPA, codified at 12 U.S.C. § 2607. Once more, the anti-kickback provision of RESPA provides, in pertinent part:

> (a) Business Referrals. No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a). This statute serves to eliminate "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2601(b)(2). Violations of 12 U.S.C. § 2607(a) arise when "a payment or a thing of value" is "made pursuant to an agreement to refer settlement business" and "an actual referral" occurs. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 427 (6th Cir. 2009). The first element, "a payment or a thing of value," and the third element, "an actual referral" are the elements at issue before this Court, and each will be addressed in turn.

   1. "Thing of Value" Pursuant to RESPA

With respect to the first element, "a payment or thing of value," this Court must address whether the Kallais provided well-pled factual allegations that plausibly claim The Amy Wengerd Group and Aman Title provided a thing of value pursuant to an agreement to refer settlement business. Broad meaning is given to the term "thing of value." *See* 12 C.F.R. § 1024.14(d). A "thing of value" is statutorily defined as "any payment, advance, funds, loan, service, or other consideration." 12 U.S.C. § 2602(2). The implementing regulation outlines further that a "thing of value" also includes, without limitation:

> monies, things, discounts, salaries, commissions, fees, duplicate payments of a charge, stock, dividends, distributions of partnership profits, franchise royalties, credits representing monies that may be paid at a future date, the opportunity to participate in a money-making program, retained or increased earnings, increased equity in a parent or subsidiary entity, special bank deposits or accounts, special or unusual banking terms, services of all types at special or free rates, sales or rentals at special prices or rates, lease or rental payments based in whole or in part on the amount of business referred, trips and payment of another person's expenses, or reduction in credit against an existing obligation.

12 C.F.R. § 1024.14(d). As an additional note, the term "payment" is "synonymous with the giving or receiving of any 'thing of value' and does not require transfer of money." *Id.*

In their first amended class action complaint, the Kallais allege The Amy Wengerd Group "with the direction, approval, and support" of Aman Title, entered into agreements with its real estate agents which reflected an understanding that real estate agents who referred buyers or sellers to Aman Title for settlement services would receive a monetary bonus in the future. (First Am. Compl. ¶¶ 18-23, ECF No. 11.) The Kallais' first amended class action complaint outlines that the monetary referral bonuses The Amy Wengerd Group promised to pay real estate agents who referred buyers to specific title agencies between January 2019 and November 2019 were in fact paid in December 2019 at a "Team Christmas Party." (*Id.* at ¶¶ 20, 25-26.) The Kallais then allege that The Amy Wengerd Group, in conjunction with Aman Title, promised to pay a monetary bonus in December 2020 to real estate agents who referred either buyers or sellers specifically to Aman Title between December 2019 and November 2020. (*Id.* at ¶¶ 21-22, 30-31.)

It is this Court's view that the Kallais provided well-pled factual allegations that plausibly claim The Amy Wengerd Group and Aman Title gave a thing of value pursuant to an agreement to refer settlement business, in violation of the anti-kickback provision of RESPA, 12 U.S.C. § 2607(a). The Kallais allege payment of referral bonuses to real estate agents actually occurred in 2019. Although they do not allege an actual transfer of the referral bonus money to real estate agents occurred in 2020, they do allege an understanding existed that future payment of referral bonuses should be expected.[3] This understanding, promise, or expectation is, undoubtedly, either

---

[3] The Amy Wengerd Group, in its motion to dismiss the Kallais' first amended class action complaint, argued "this Court has held that to survive a motion to dismiss, a plaintiff alleging a claim under Section 8 of RESPA must not only allege that a payment occurred, the plaintiff must also allege the date and the amount of the disputed payment, and must plead facts to support the claim that the payment violated the statute. *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 846 (N.D. Ohio 2010) (Gwin, J.) (dismissing claim under Section 8(b) for failing to make such allegations)." (Mem. in Supp. of Wengerd Defendants' Mot. to Dismiss 13, ECF No. 15-1.)

a "credit[] representing monies that may be paid at a future date" or "the opportunity to participate in a money-making program" and certainly is "other consideration." *See* 12 C.F.R. § 1024.14(d); 12 U.S.C. § 2602(2). Accordingly, this promise to pay a monetary bonus for successful settlement service referrals in the future falls into the broad statutory and regulatory definitions of a "thing of value." Furthermore, because the term "payment" does not require an actual transfer of money, but only requires the giving or receiving of a thing of value, it is this Court's view that promising to pay a monetary bonus in the future is the giving of a thing of value leading this Court to find that the Kallais have provided enough well-pled factual allegations to nudge the needle such that it is plausible The Amy Wengerd Group and Aman Title gave a thing of value pursuant to an agreement to refer settlement business in violation of the anti-kickback provision of RESPA, 12 U.S.C. § 2607(a). The Wengerd Defendants' and Aman Defendants' motions to dismiss the Kallais' first amended class action complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), that The Amy Wengerd Group and Aman Title gave a thing of value pursuant to an agreement to refer settlement business are, therefore, DENIED.

   2. "Actual Referral"

---

The *Girgis* court engaged in analysis of a complaint that claimed defendants violated 12 U.S.C. § 2607(b), which prohibits the giving or accepting of "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." *Girgis*, 733 F. Supp. 2d at 845. *See also* 12 U.S.C. § 2607(b). The *Girgis* court explained there is a case law split, where some courts require settlement charges to be split with a third party to find a violation of 12 U.S.C. § 2607(b) and other courts only require settlement cost markups to find a violation of 12 U.S.C. § 2607(b). *Girgis*, 733 F. Supp. 2d at 846.

Ultimately, in dismissing the plaintiffs' RESPA claim, the *Girgis* court held that plaintiffs neither alleged defendants split fees or marked up charges, but instead just recited statutory language as the allegation against defendants. *Id.* "The Plaintiffs provide no factual support for this allegation. They do not state the amount or date of the fees the Defendants allegedly charged them, nor do they provide any evidence that the Defendant charged any real estate settlement fees that were not actually for settlement services." *Id.* This explanation from the *Girgis* court merely discusses that the plaintiffs failed to provide factual support for their claim *such as* the amount of fees charged or the dates those fees were charged. This explanation does not hold that plaintiffs claiming violations of any portion of Section 8 of RESPA must allege that a payment occurred, on what date, and in which amount in order to survive a motion to dismiss. Counsel should take caution to ensure they are properly representing the holdings of other cases to this Court.

The final question before this Court is whether the Kallais plausibly pled an actual referral occurred such that it is plausible The Amy Wengerd Group and Aman Title violated the anti-kickback provision of RESPA. Once again, violations of the anti-kickback provision of RESPA, 12 U.S.C. § 2607(a), arise when "a payment or a thing of value" is "made pursuant to an agreement to refer settlement business" and "an actual referral" occurs. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 427 (6th Cir. 2009). The Aman Defendants argue that an "actual referral" from the Wengerd Defendants to the Aman Defendants never actually occurred, but rather that the Kallais' real estate agent independently, fortuitously, selected Aman Title for settlement services of her own accord. (Mem. in Supp. of Aman Defendants' Mot. to Dismiss 9-10, ECF No. 17.)

This Court finds this argument unpersuasive. In essence, the Aman Defendants are looking to absolve themselves of any liability and place it squarely at the feet of the Kallais' real estate agent under the auspice of fiduciary duty. This argument also suggests that the Aman Defendants wish the Kallais to prove their case entirely at this early state in litigation, which is wholly unnecessary. What the Aman Defendants fail to appreciate is the Kallais' allegations, contained in the first amended class action complaint, present the reasonable inference that, even though they were represented by an independent real estate agent, the Wengerd Defendants' real estate agent persuaded, suggested, or even perhaps required, Aman Title be used for settlement services for the real estate transaction between the Kallais and the sellers knowing she would receive a bonus if the referral was successful. This also leads to the perfectly reasonable inference that, not knowing the relationship between the Wengerd Defendants and the Aman Defendants, the Kallais and their independent real estate agent, saw no reason to object to the suggestion. Because this Court can draw reasonable inferences based upon well-pled factual allegations contained in the first amended class action complaint, this Court finds the Aman Defendants' arguments unsuccessful. The Aman

Defendants' motion to dismiss the Kallais' first amended class action complaint for failure to state a claim that an actual referral occurred is hereby DENIED.

### III.   CONCLUSION

For all the foregoing reasons, the Wengerd Defendants' motion to dismiss the Kallais' first amended class action complaint for lack of standing and failure to state a claim upon which relief may be granted is hereby GRANTED IN PART and DENIED IN PART. (Wengerd Defendants' Mot. to Dismiss 1, ECF No. 15.) Likewise, the Aman Defendants' motion to dismiss the Kallais' first amended class action complaint for failure to state a claim upon which relief may be granted is hereby GRANTED IN PART and DENIED IN PART. (Aman Defendants' Mot. to Dismiss 1, ECF No. 16.)

In sum, this Court finds that the Kallais have stated claims upon which relief may be granted against The Amy Wengerd Group and Aman Title. More specifically, the Kallais have plausibly pled that The Amy Wengerd Group and Aman Title violated the anti-kickback provision of RESPA, 12 U.S.C. § 2607(a), when they gave a thing of value, in the form of a future promise to pay a monetary bonus to real estate agents, pursuant to an agreement to refer settlement business, and an actual referral of the Kallais' business to Aman Title occurred. Furthermore, this Court finds that the Kallais have met both the constitutional and prudential standing requirements to bring these claims against The Amy Wengerd Group and Aman Title such that this Court possesses subject matter jurisdiction over this action. Finally, this Court finds that the Kallais neither possess standing nor have stated claims upon which relief may be granted against individual defendants Amy Wengerd and Mara Aman. The individual defendants are hereby dismissed from this matter. In effect, the Kallais' claims that The Amy Wengerd Group and Aman Title violated the anti-kickback provision of RESPA will proceed before this Court.

IT IS SO ORDERED.

DATE: December 16, 2021  /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT